# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION NO.                                           DIVISION

JOHNESE LAMAR SMITH            )
Complainant, Individually      )
*Pro Se*                       )
                               )
                               )
*Versus*                       )     CIVIL ACTION NO. **14-1010**
                               )
                               )     **SECT. G  MAG. 4**
                               )
ROGER GOODELL, COMMISSIONER    )
OF THE NATIONAL FOOTBALL LEAGUE)
& THE NATIONAL FOOTBALL LEAGUE )
                               )
                               )
**********************************

### PLAINTIFF'S COMPLAINT FOR DAMAGES OF COPYRIGHT INFRINGEMENT AND INTELLECTUAL PROPERTY AND UNFAIR COMPETITION

### JURY TRIAL

The Complaint of Johnese Lamar Smith, a person of full age of majority and a resident of Orleans Parish, State of Louisiana, respectively, represents:

### I.
### JURISDICTION

This Court has jurisdiction under 28 USC 1331 and 1332 (d)(2), in that Complainant is diverse in her residency from Defendants, and the amount in controversy, exclusive of interest and cost, exceeds the sum of $11,000,000.00.

### II.

Fee _____
Process _____
x Dkid _____
CtRmDep _____
Doc. No. _____

Defendants are Roger Goodell, Commissioner of The National Football League, (Commissioner hereafter), the National Football League, (League hereinafter), and the New Orleans Saints (Saints hereafter), each at all times are pertinently engaging in or doing business relative to, or connected with, the content of this Complaint, within the jurisdiction of this Court.

III.

Complainant seeks damages for Copyright Protection, under USC Article 1, Section 8, and Infringement of Copyright, under Title 17 USC §§ 501(a)(b); 502(a)(b), 502 (a)(b); 504 (a)(1)(2)(b)(c); and 505

IV.

On April 5, 2005, the Complainant forwarded, through certified registered mail, several proposals to top executives and owners in the Saints' organization, a sports franchise in The National Football League, (NFC South-Division), a non-dramatic literary work entitled, FANATASY FOOTBALL PARADE EXTRAVAGANZA (FFPE, herein: See exhibit A), and later, The FLEUR-DE-LIS CORPORATE SPONSORSHIP, which promoted several pertinent and unique strategies to increase ticket sales, overhaul the teams' approach to entertaining season ticket holders, and their fans (pre-game entertainment during their home games), gain a corporate sponsor for the Louisiana Superdome, and ultimately, lead the team to an NFL Championship (2010). On April 6, 2005, the U.S. Postal Service mail receipts confirmed that all of the top executives and owners in the Saints' organization received the 'FFPE' proposals (See exhibit B).

V.

Between February 15, 2005 and January 9, 2006, the Complainant applied to the copyright office, through a third-party, Legalzoom.com, which performed the duty and applied legally for the copyright, on behalf of the Complainant and received a certification of registration dated January 1, 2006, which is identified as <u>TX0006334978/2006-01-09</u> <u>(See exhibit C).</u>

VI.

'FFPE', is an original, and non-dramatic literary work, copyrighted under the United States Code Article 1, Section 8. Stipulations were outlined in the owner's (TB) package stating: 'usage of FFPE's body of work and its pertinent contexts, unique strategies and its formula would advance the Saints in the NFC Division by increasing their ticket sales, gain a corporate sponsor for the Louisiana Superdome, and ultimately, lead the local team to a winning championship game; furthermore, once these unique strategies begin to be proven, they (The Saints) would due the owner of 'FFPE' a consultant's fee. 'FFPE's' body of works have protective and unique strategic characteristics.

VII.

On April 7, 2005, the Complainant received a correspondence from one of the top executives with the Saints' organization, which stated he was advancing 'FFPE's' ideas to the Director of Marketing. At no such time, through this executive's correspondence was the Complainant told of the unsolicited submission outlined in The National Football League's policy, nor was there a return of 'FFPE' proposals from that corresponding executive, the letter only stated (FFPE) would be "passed along" (See exhibit D). On or about May 31, 2005, the Complainant received a letter from the General Counsel of the Saints, stating, _"The National Football League has a policy for non-solicited submissions."_ Accordingly, only one out of the five proposals was returned (See exhibit E).

VIII.

Moreover, an article by Jeff Duncan, a sports writer for The Times-Picayune (Sunday, July 10, 2005), wrote *"Teams official plan to upgrade pregame festivities at home games with New Orleans-themed music, entertainment and food. Among the enhancements: a new video board, lights-out Saints team introduction and the return of the New Orleans Saints band. "We want to make every home game a Mardi Gras experience off the field."* (See exhibit F).

IX.

The July 10, 2005 article solidified publically, that the owners' were moving forward with the ideas, contexts and the unique strategic characteristics written in 'FFPE'. Furthermore, the Saints officially published on its website, an NFL Street Unplugged (Youth Program), *as a "first" interactive experience on-field sports, video game challenge and music event*, dated on October 23, 2006 (See exhibit G); these ideas resembled the context of FFPE strategy and unique characteristics (see exhibit A). The Saints continues to use FFPE's unique strategies and characteristics, even up to the present day. (See exhibit H): The New Orleans Saints memorializing of Steve Gleason, a statue inscribed, "Rebirth").

X.

The Defendants continues to infringe on FFPE's copyrights by continuing to engaged in unfair trade practices, and unfair competition by using 'FFPE's' unique literary body of works as their own, thus causing irreparable damages to its owner. The Defendants have failed, in spite of demands to compensate the owner of 'FFPE' for its protected contexts and unique strategic characteristics written in its intellectual property.

**WHEREFORE**, Complainant, pray that Defendants be duly cited to appear and answer this complaint and after due proceedings for judgment against The Commission, the League, and The Saints for damages to fully compensate Complainant for damages, and all other general and equitable relief required in the premises. Complainant further prays for trial by jury.

**RESPECTFULLY SUBMITTED**

Johnese L. Smith
439 Elmira Avenue, Apartment B
New Orleans, Louisiana 70114
Telephone: 504-657-4793
Complainant, *Pro Se*

# EXHIBITS

# A through H